22-3186-cr (Con)
*United States v. Wilson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-five.

PRESENT:      DENNIS JACOBS,
              DENNY CHIN,
              SARAH A. L. MERRIAM,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

       v.                                  22-3111-cr(L),
                                          22-3186-cr(Con)[1]

COURTNEY SCHLOSS, a/k/a Sealed Defendant 2; DUVAUGHN WILSON, a/k/a Sealed Defendant 1,

     *Defendants-Appellants*,

_____

[1] This summary order addresses the appeal of defendant-appellant Duvaughn Wilson (No. 22-3186). We address the appeal of defendant-appellant Courtney Schloss (No. 22-3111) in a separate order.

v.

JAMES THOMAS; KEN ALEXANDER, a/k/a
Ryu; ARGAM TAJ, a/k/a Sour; SAMUEL TAJ,
a/k/a Sosa; CHRISTOPHER MACHADO, a/k/a
Chris Elite; HARLIE RAMOS, a/k/a White
Girl; JAMEL THOMAS, a/k/a Mel; ANTONIO
EADDY, a/k/a Storm,

     *Defendants*.

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Marlon G. Kirton, The Kirton Law Firm, Hempstead, NY. |
| FOR APPELLEE: | Ashley C. Nicolas, Matthew J. King, James Ligtenberg, Assistant United States Attorneys, Of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court entered on December 6, 2022, is **AFFIRMED.**

Defendant-appellant Duvaughn Wilson appeals from the sentence imposed as a result of his conviction, after a guilty plea, for conspiracy to traffic firearms in violation of 18 U.S.C. §371 and firearms trafficking in violation of 18 U.S.C. §922(a)(1)(A) and §2. Wilson was sentenced principally to 48 months' imprisonment and three years' supervised release. On appeal, Wilson argues that his sentence is procedurally

unreasonable because the District Court failed to consider the relevant 18 U.S.C. §3553(a) factors. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review a district court's sentencing decision for procedural . . . reasonableness, using a deferential abuse-of-discretion standard." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (citation and quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court . . . does not properly consider the §3553(a) factors." *United States v. McIntosh*, 753 F.3d 388, 394 (2d Cir. 2014) (per curiam) (citation and quotation marks omitted). However, a district court is not required to "discuss every §3553(a) factor individually" or make "robotic incantations" when explaining sentencing decisions. *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (citation and quotation marks omitted). "[T]his Court presumes that the sentencing judge has considered all relevant §3553(a) factors and arguments unless the record suggests otherwise." *Id.* at 118. "[W]e will not assume a failure of consideration simply because a district court fails to enumerate or discuss each §3553(a) factor individually." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008).

Wilson argues that the District Court committed procedural error because it failed to consider his history and characteristics and the nature and circumstances of the offense. Specifically, Wilson argues that the District Court failed to consider his difficult background, his extensive work history, the fact that he was not a member of the Blixky Gang, and the fact that no one was injured as a result of the firearms he trafficked.

3

We disagree.  The District Court reviewed the pre-sentence report and the parties' sentencing submissions, which included this information, and it heard from the parties at sentencing about the same.  At sentencing, Wilson's counsel asserted: "[W]e know that [Wilson] was not in the group called the Blixky Gang," and the District Court confirmed "I know that."  App'x at 164.  The District Court walked through the relevant sentencing factors and expressly stated that it had considered Wilson's background and characteristics.  Indeed, the District Court stated: "I am taking into account the history and characteristics of Mr. Wilson, including what is an extremely difficult upbringing and his total lack of a criminal history, which is why I am not varying further . . . ."  App'x at 176.  The District Court then addressed the nature of the offense, emphasizing that Wilson trafficked 89 firearms, and concluded that a lower sentence than the one it imposed would not advance the goals of sentencing.  Under these circumstances, we cannot say that the District Court failed to properly consider the relevant §3553(a) factors.  *See Rosa*, 957 F.3d at 119; *Verkhoglyad*, 516 F.3d at 131.

We have considered Wilson's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4